

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| REGINA M. HUNTER EL,<br>       Petitioner,<br><br>vs.<br><br>U.S. DEPARTMENT OF VETERANS<br>AFFAIRS and UBER TECHNOLOGIES, INC.,<br>       Respondents. | §<br>§<br>§<br>§  Civil Action No.: 3:24-5569-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE**

Petitioner Regina M. Hunter El (Hunter El), who is representing herself, filed this petition seeking a writ of mandamus against Respondents U.S. Department of Veterans Affairs and Uber Technologies, Inc. (Uber).  She thereafter filed an amended petition.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court summarily dismiss Hunter El's amended petition without prejudice and without issuance and service of process.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 13, 2024. After the Court granted two extensions, Hunter El filed initial and supplemental objections on February 24, 2025, and June 23, 2025, respectively. The Court has carefully reviewed her objections but holds them to be without merit. It will therefore enter judgment accordingly.

Hunter El's elderly father, Elijah Hunter (Elijah), was admitted to Williams Jennings Bryan Dorn Veterans Affairs Medical Center (the Medical Center) on September 30, 2024. Elijah was examined by a social worker and physician, neither of whom determined he was incapacitated. Accordingly, upon discharge, the Medical Center placed Elijah in an Uber and instructed the driver to take him home. Hunter El alleges Elijah bribed the driver to drop him off at the airport, where Elijah flew to New York to meet his fraudulent paramour.

Based on the foregoing, Hunter El filed this petition. She requests the Court to mandate the Medical Center recover Elijah from New York and ensure his safety.

As the Court stated above, the Magistrate Judge recommends the Court summarily dismiss Hunter El's amended petition without prejudice.

In Hunter El's objections, she reiterates the factual allegations underlying her amended petition. But, Hunter El neglects to contest the Magistrate Judge's determination such allegations "do not show any duty owed by the [M]edical [C]enter to her or any personal right to relief." Report at 3. And, as the Magistrate Judge noted, Hunter El "herself does not claim to have been a patient or claim that the [M]edical [C]enter breached a duty owed to her." *Id.* She is thus unentitled to mandamus relief, and the Court will overrule her objections. *See United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 511 (4th Cir. 1999) ("[T]o establish the conditions

necessary for issuance of a writ of mandamus, the party seeking the writ must demonstrate that (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.").

After a thorough review of the Report and the record in this case under the standards set forth above, the Court overrules Hunter El's objections, adopts the Report, and incorporates it herein.  It is therefore the judgment of the Court Hunter El's amended petition is summarily **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Signed this 23rd day of September 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Hunter El is hereby notified of her right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.